IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3169-FL

| | |
|---|---|
| BRETT SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion for an extension of time to comply with rule 9(j) certification due to release from custody (DE # 17). Also before the court is defendant's motion to dismiss (DE # 11). These motions have been fully briefed and the issues raised are ripe for adjudication. For the following reasons, plaintiff's motion is denied, defendant's motion is granted, and this action is dismissed without prejudice

## BACKGROUND

Plaintiff brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (2006), alleging that Bureau of Prisons ("BOP") medical staff at the Federal Medical Center in Butner, North Carolina failed to provide proper medical care for his injured wrist. Defendant filed a motion to dismiss this action on March 13, 2011, arguing that plaintiff failed to comply with North Carolina Rule of Civil Procedure 9(j) before filing this action. Plaintiff responded with a request for a ninety (90) day extension of time to obtain the appropriate Rule 9(j) certification.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). The statute "requires the law of the place 'where the act or omission occurred' to be applied." See Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quoting 28 U.S.C. § 1346(b)). As such, North Carolina substantive law governs this action.

2

North Carolina Rule of Civil Procedure 9(j) requires that the complaint of a plaintiff alleging a claim of medical malpractice must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. Specifically, the rule provides:

> Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
>
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
>
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C.R.Civ.P 9(j). Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams -Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp.2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp.2d 671, 676-677 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F.Supp. 2d 712, 713-14 (E.D.N.C. 2001).

Plaintiff admits that he failed to comply with Rule 9(j), but requests an extension of time to comply, arguing that he needs additional time to acquire a certified medical expert because he is being released from incarceration. However, the North Carolina Supreme Court has held that a

plaintiff may not be granted an extension of time to amend his initial complaint to include the necessary Rule 9(j) certification. See Thigpan v. Ngo, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002). Rather, "[f]ailure to include the certification necessarily leads to dismissal." Id. at 202, 558 S.E.2d at 165. Based upon the foregoing, plaintiff may not amend his initial complaint to include the necessary Rule 9(j) certification. Thus, his motion for an extension of time to obtain the necessary Rule 9(j) certification is DENIED.

Plaintiff, alternatively, states in his motion for extension of time that his claim is one of ordinary negligence and may not require Rule 9(j) certification. Rule 9(j) applies to any complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11. Section 90-21.11 defines a medical malpractice action as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provided." See also Estate of Waters v. Jarman, 144 N.C. App. 98, 103-04, 547 S.E.2d 142, 146 (2001) (finding that a claim that arises out of clinical care provided by a medical provider to his patient sounds in medical malpractice, but a claim that administrative or non-clinical issues sounds in ordinary negligence). Plaintiff's allegation that the medical providers at Butner failed to properly treat his wrist injury falls squarely within the definition of a medical malpractice action. Thus, plaintiff' action is subject to the Rule 9(j) certification requirement.

Because plaintiff did not submit his Rule 9(j) certification at the time he filed this action and because the doctrine of *res ipsa loquitur* does not apply, the court will dismiss his medical malpractice claim without prejudice so that he may re-file the complaint with the requisite 9(j) certification. See Wilkes v. Lee County Nursing and Rehabilitation Center, LLC, No. 1:09CV505,

4

2010 WL 703111, at *5 (M.D.N.C. Feb. 24, 2010) (citing Thigpen, 355 N.C. at 202). Accordingly, defendant's motion to dismiss is GRANTED.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for an extension of time (DE # 17) is DENIED and defendant's motion to dismiss (DE # 11) is GRANTED. This action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5